111 P.3d 1162 (2005)
STATE of Washington, Respondent,
v.
Van R. PULFREY, Petitioner.
No. 75301-6.
Supreme Court of Washington, En Banc.
Argued January 20, 2005.
Decided May 19, 2005.
*1163 Maureen Marie Cyr, Washington Appellate Project, Seattle, for Petitioner.
Andrea Ruth Vitalich, King County Prosecutor's Office, Seattle, for Respondent.
SANDERS, J.
¶ 1 We review a partially published Court of Appeals opinion affirming Van Pulfrey's conviction for possession of methamphetamine. He argues the arresting officer failed to exercise statutorily granted discretion, choosing to arrest rather than cite and release. Pulfrey claims this failure to exercise discretion violates article I, section 7 of the Washington Constitution. Further, Pulfrey argues under City of Redmond v. Moore[1] his arrest for driving with suspended license was invalid because the relevant statute violates due process. Thus, claims Pulfrey, the methamphetamine found in a search incident to this allegedly unlawful arrest should be suppressed.
¶ 2 We hold a police officer may arrest a person for a misdemeanor committed in his presence when the officer has probable cause to do so, even if the officer later releases the person. A police officer may exercise his statutorily granted discretion after arresting the person. Further, we do not consider Pulfrey's Moore claim since he has not shown he is entitled to relief under that decision. Therefore, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 3 On August 24, 2000, Deputy George Alvarez stopped Van Pulfrey for a defective left taillight. Alvarez checked Pulfrey's driver's license with Department of Licensing records via the dispatcher and discovered it was suspended. Alvarez then arrested Pulfrey for the misdemeanor offense of driving while license is suspended in the third degree. After placing Pulfrey in the rear seat of his patrol car, Alvarez searched Pulfrey's car and found two bags of methamphetamine under the driver's seat. Alvarez released the car to a friend of Pulfrey's.
¶ 4 Pulfrey was charged with possession of methamphetamine. Defense counsel moved to suppress the methamphetamine, arguing the traffic stop was pretextual. Judge Ronald Kessler denied the motion, whereupon Pulfrey waived his right to a jury trial. He also stipulated to facts for the bench trial. *1164 The court found Pulfrey guilty of possessing methamphetamine.
¶ 5 During the hearing for the pretrial motion to suppress, Alvarez testified during cross-examination he arrests persons for driving with suspended licenses:
Q Did you issue him a notice of infraction for the burned out tail light?
A No. Since he was being charged with a felony, we don't do that.
Q Well, did you issue him a notice of citation in connection with the offense, driving while suspended in the third degree?
A No, it's covered all under the felony.
Q Did you give him an opportunity to promise to appear in court on the driving while suspended charge instead of taking him into custody?
A No. It's our practice  or my practice, if somebody is suspended, I take them into custody and then I can discuss that later after the fact.
Report of Proceedings (RP) (Mar. 14, 2001) at 19. Alvarez later testified during the same cross-examination:
Q Finally, it is my understanding of the testimony is that you have been trained to arrest and take into custody those persons who are charged with minor traffic offenses.
A Minor traffic infractions or the actual crime of driving.
Q The actual crime, yeah.
A Yes.
Q So you always 
A They all come into custody.
Q They all come into custody. And you always search the cars?
A Always.
Id. at 28. These passages from the record are significant to Pulfrey's claim that Alvarez did not exercise discretion and therefore acted arbitrarily.
¶ 6 The trial court was also concerned Alvarez did not exercise discretion but ruled that he had the authority to arrest Pulfrey. The court held that since Alvarez properly arrested Pulfrey, the search incident to the arrest was also valid. The court denied the motion to suppress, reasoning that an officer could arrest the suspect for a misdemeanor and then search the car before determining whether to cite and release the suspect.
¶ 7 On appeal, Pulfrey argued that Alvarez failed to exercise discretion in violation of RCW 46.64.015 and Criminal Rule for Courts of Limited Jurisdiction (CrRLJ) 2.1(b) by always arresting suspects for driving with a suspended license. Pulfrey did not argue in the Court of Appeals that the arrest violated the state constitution; that argument is raised for the first time here.
¶ 8 The Court of Appeals rejected Pulfrey's argument, concluding that Alvarez had authority to make the arrest based on probable cause. State v. Pulfrey, 120 Wash.App. 270, 283, 86 P.3d 790 (2004). The court declined to require that police exercise their statutorily granted discretion on a case-by-case basis to determine "whether custodial arrest is justified on some additional basis than probable cause." Id.
¶ 9 Pulfrey petitioned this court, again raising the abuse of discretion issue but now framing it in constitutional language. He also raises an issue under our recently decided opinion in City of Redmond v. Moore, 151 Wash.2d 664, 91 P.3d 875 (2004), in which we struck down as unconstitutional the statutes requiring mandatory license suspension without a hearing. We granted review on November 3, 2004.

STANDARD OF REVIEW
¶ 10 Interpretation of a statute is a question of law reviewed de novo. In re Impoundment of Chevrolet Truck, Wash. License No. A00125A, 148 Wash.2d 145, 154, 60 P.3d 53 (2002). Interpretation of the constitution is also a question of law reviewed de novo. City of Redmond v. Moore, 151 Wash.2d at 668, 91 P.3d 875.

ANALYSIS
¶ 11 Under the fourth amendment to the United States Constitution and article I, section 7 of the Washington Constitution, an arrest must be lawful to justify a search incident to it. Michigan v. DeFillippo, 443 *1165 U.S. 31, 35, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) ("The fact of a lawful arrest, standing alone, authorizes a search."); State v. O'Neill, 148 Wash.2d 564, 585, 62 P.3d 489 (2003) ("There must be an actual custodial arrest to provide the `authority' of law justifying a warrantless search incident to arrest under article I, section 7."). State law is the starting point for determining the lawfulness of the arrest. DeFillippo, 443 U.S. at 36, 99 S.Ct. 2627.
¶ 12 Pulfrey argues that his arrest was unlawful under state statutes, case law and public policy, and article I, section 7. The relevant statutes are RCW 10.31.100(3)(e)[2] and RCW 46.64.015(2),[3] the former unequivocally granting police officers the authority to arrest for driving while license is suspended, and the latter granting them discretion to cite and release for misdemeanor offenses (driving while license suspended in the third degree is a misdemeanor, see RCW 46.20.342(1)(c)). CrRLJ 2.1(b)(2) lists factors for the officer to consider when exercising the discretion to arrest or to cite and release.[4] Pulfrey argues a police officer must exercise this statutorily granted discretion before deciding to arrest.
¶ 13 Pulfrey cites In re Impoundment of Chevrolet Truck to support his claim police officers must exercise statutorily granted discretion. In Chevrolet Truck we struck down a WAC mandating impoundment of all vehicles driven by suspended drivers because it exceeded the legislative grant of authority, which had given the officers the discretion to impound. 148 Wash.2d at 159, 60 P.3d 53. In a footnote we rejected the argument that the impoundment was reasonable:
The court also found in the alternative if the constitution requires discretion be exercised by the officer at the scene, this impoundment was nevertheless reasonable. We reject this reasoning on grounds of logic. Since WAC 204-96-010 divests officers of all discretion on whether to impound a particular vehicle, the officer who impounded All Around's van cannot have reasonably exercised discretion he did not have.
Id. at 150 n. 2, 60 P.3d 53. We struck down that WAC because it was beyond the agency's statutory grant of authority.
*1166 ¶ 14 Pulfrey also cites two cases involving prosecutorial discretion. In State v. Pettitt, 93 Wash.2d 288, 609 P.2d 1364 (1980), we held prosecutors must exercise their discretion: "In our view, this fixed formula which requires a particular action in every case upon the happening of a specific series of events constitutes an abuse of the discretionary power lodged in the prosecuting attorney." Id. at 296, 609 P.2d 1364. In State v. WS, 40 Wash.App. 835, 700 P.2d 1192 (1985), the Court of Appeals struck down the practice of the prosecuting attorney to send all prostitution cases to the diversionary unit with a rejection form attached, all of which cases were rejected solely because they involved prostitution. The court stated: "This is not to say that all prostitutes must be accepted by a diversionary unit or even that WS must necessarily be accepted by the diversionary unit but, rather, that a denial based on the crime itself is arbitrary when it is clear that the Legislature intended such crimes as appropriate for diversion." Id. at 838, 700 P.2d 1192.
¶ 15 These cases present the best support for Pulfrey's claim that discretion must be exercised when granted by the legislature.[5] The State does not directly dispute that point but argues the timing of the discretion is critical. Even assuming that police officers must exercise their discretion when deciding to arrest or to cite and release, the question remains of when that decision must be made. Pulfrey assumes discretion must be exercised before a person is arrested. The State argues the plain language of the applicable statutes and court rules allow an officer to arrest the person and then decide to cite and release. This argument is persuasive.
¶ 16 RCW 46.64.015 plainly allows a police officer to cite and release an arrested person:
Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor or by imposition of a fine, the arresting officer may serve upon him or her a traffic citation and notice to appear in court.... The arrested person, in order to secure release, and when permitted by the arresting officer, must give his or her written promise to appear in court ....
RCW 46.64.015 (emphasis added). This language contemplates a police officer arresting a person and then deciding to cite and release him at a later point. The statute even exempts arrests for driving while license suspended from the requirement that the detention be long enough only to cite and release:
The detention arising from an arrest under this section may not be for a period of time longer than is reasonably necessary to issue and serve a citation and notice, except that the time limitation does not apply under any of the following circumstances:
....
(2) Where the arresting officer has probable cause to believe that the arrested person has committed any of the offenses enumerated in RCW 10.31.100(3), as now or hereafter amended ....
Id. (emphasis added). A police officer may arrest a person for driving while license suspended and take a reasonable amount of time to investigate; he or she is not bound to cite and release in short order. The legislature allowed police officers the option of arresting and then releasing.
¶ 17 CrRLJ 2.1 corroborates this conclusion. The rule provides that "[w]henever a person is arrested or could have been arrested pursuant to statute for a violation of law which is punishable as a misdemeanor or gross misdemeanor the arresting officer, or any other authorized peace officer, may serve upon the person a citation and notice to appear in court." CrRLJ 2.1(b)(1) (emphasis added). The rule distinguishes between arrested persons and persons who could have been arrested. It then lists the factors for the officer to consider when deciding whether to release the person. CrRLJ 2.1(b)(2).
¶ 18 Read together, RCW 10.31.100, RCW 46.64.015, and CrRLJ 2.1 allow officers to arrest a person for driving while license suspended and then exercise discretion to retain *1167 the person in custody or cite and release. The State argues this is precisely what Deputy Alvarez did in this case. When asked if he gave Pulfrey the opportunity to promise to appear in court, Alvarez said: "No. It's our practice  or my practice, if somebody is suspended, I take them into custody and then I can discuss that later after the fact." RP at 19 (emphasis added). Deputy Alvarez arrested people for driving while license suspended, as he is authorized to do, and then later discussed with them the possibility of release with a citation and promise to appear in court. In this case, the process was truncated by the discovery of methamphetamine, possession of which is a felony. This discovery eliminated the possibility of release.
¶ 19 If discretion may be exercised at some point after the arrest and any search incident to it, then we need not decide, and do not decide, whether officers must exercise discretion in every situation. It is enough Alvarez could have exercised that discretion after the arrest, as he said he often does, but did not need to after discovering evidence of a felony.
¶ 20 Pulfrey next argues public policy requires arrests for minor traffic offenses must be accompanied by probable cause and other factors. A line of cases beginning with State v. Hehman, 90 Wash.2d 45, 50, 578 P.2d 527 (1978), does indeed hold that arrests for minor traffic offenses are unjustified absent some other reasonable grounds. After Hehman, the legislature amended the statutory scheme to reflect its rationale. State v. Reding, 119 Wash.2d 685, 690, 835 P.2d 1019 (1992). However, in Reding we discussed the two statutes at issue here and concluded that they authorized custodial arrests for serious traffic violations. Id. at 692, 835 P.2d 1019. These serious offenses were listed in RCW 10.31.100, including the offense of driving while license suspended. Id. at 691, 835 P.2d 1019. Further, we rejected the argument that a valid arrest under those statutes requires some additional factor. Id. at 695, 835 P.2d 1019 ("[T]he only time additional grounds are necessary for an arrest to be valid is when a minor traffic offense has been committed.").
¶ 21 Pulfrey attempts to distinguish Reding by arguing that reckless driving (the offense in Reding) is a gross misdemeanor while driving while license suspended is only a misdemeanor and a minor traffic offense. But Reding considered all of the offenses listed in RCW 10.31.100 as nonminor, some of which were merely misdemeanors, and it placed the very offense now at issue in that list. Driving while license suspended is a nonminor offense, and a police officer needs nothing more than probable cause to arrest a person for it. Pulfrey's argument fails.
¶ 22 As to Pulfrey's constitutional claim under article I, section 7, the State argues we should decline to consider a constitutional argument raised for the first time in this court. The Court of Appeals did not decide the case on constitutional grounds,[6] and Pulfrey admits he did not explicitly make the claim before. He argues, however, that we should still consider the claim since there is no good reason not to and the constitutional argument was implicitly before the Court of Appeals.
¶ 23 In State v. Mendez, 137 Wash.2d 208, 216-17, 970 P.2d 722 (1999), we considered a constitutional argument not raised in the Court of Appeals because the defendant listed the appropriate Gunwall[7] factors and the core issue was not new. However, we have also refused to consider new constitutional arguments: "This court has previously declined to consider state constitutional arguments not raised at the trial or appellate court levels." Reding, 119 Wash.2d at 696, 835 P.2d 1019.
¶ 24 Pulfrey argues the appropriate context for the article I, section 7 analysis is "the necessary prerequisites of an arrest that must precede a search incident to arrest in order for the search to be lawful." Am. Pet. for Review at 6. However, elsewhere he admits "[t]his Court has not considered whether *1168 warrantless arrests for minor traffic offenses, absent independent circumstances justifying arrest, offend article I, section 7 of the Washington Constitution." Suppl. Br. of Pet'r at 14. We have unquestionably held that article I, section 7 provides broader protection in the context of a warrantless search incident to arrest, see O'Neill, 148 Wash.2d at 584, 62 P.3d 489, but that is not directly at issue. Pulfrey argues that his arrest was unlawful and admits that we have not considered a state constitutional claim relating specifically to the lawfulness of arrests for traffic offenses. We do not consider Pulfrey's claim under article I, section 7, since the issue was not raised below. The relevant statutes and court rule allow an officer to arrest for the offense of driving while license suspended before determining whether to retain custody or to cite and release. The public policy argument fails because the offense at issue is nonminor and that line of cases applies only to minor traffic violations. Finally, we do not consider the constitutional argument because it was not raised below.
¶ 25 Pulfrey also claims that his arrest is unlawful because we recently struck down RCW 46.20.289 and .324(1), which mandate suspension of driver's licenses under certain circumstances without a presuspension hearing. Moore, 151 Wash.2d 664, 91 P.3d 875. We determined the statutes were unconstitutional because they did "not provide adequate procedural safeguards to ensure against the erroneous deprivation of a driver's interest in the continued use and possession of his or her driver's license" and thus violated due process. Id. at 677, 91 P.3d 875. Pulfrey believes Moore renders void his arrest for driving while license suspended in the third degree. However, this result does not necessarily follow from our holding in Moore.
¶ 26 But we struck down only two sections of the broader driver's license chapter. Other sections were left untouched, and these sections provide a means for suspending a license. RCW 46.20.342(1)(c), the statute that defines driving while license suspended in the third degree, lists six different reasons for the suspension that render the offense a third degree violation, only one of which is now suspect because of Moore. Thus, for Pulfrey to benefit from our opinion in Moore, he must show that his license was suspended under the statutes declared unconstitutional.
¶ 27 The record in this case does not indicate why Pulfrey's license was suspended. He has not shown that his license was suspended under the unconstitutional statutes and therefore is not entitled to relief. Pulfrey was lawfully arrested, and thus the search incident to that arrest was also lawful. The Court of Appeals reached the correct result partially for the wrong reason. See supra note 5. We affirm for the reasons stated herein.

CONCLUSION
¶ 28 We hold a police officer may arrest a person for a misdemeanor committed in his presence when the officer has probable cause to do so, even if the officer later releases the person. A police officer may exercise his statutorily granted discretion to release after first arresting the person. We do not consider Pulfrey's Moore claim since he has not shown he is entitled to relief under that decision, and affirm.
ALEXANDER, C.J., C. JOHNSON, MADSEN, CHAMBERS, RIDGE, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.
NOTES
[1] 151 Wash.2d 664, 91 P.3d 875 (2004) (Moore claim).
[2] The statute reads in relevant part:

A police officer having probable cause to believe that a person has committed or is committing a felony shall have the authority to arrest the person without a warrant. A police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed in the presence of the officer, except as provided in subsections (1) through (10) of this section.
....
(3) Any police officer having probable cause to believe that a person has committed or is committing a violation of any of the following traffic laws shall have the authority to arrest the person:
....
(e) RCW 46.20.342, relating to driving a motor vehicle while operator's license is suspended or revoked....
RCW 10.31.100.
[3] This statute reads:

Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor or by imposition of a fine, the arresting officer may serve upon him or her a traffic citation and notice to appear in court.... The detention arising from an arrest under this section may not be for a period of time longer than is reasonably necessary to issue and serve a citation and notice, except that the time limitation does not apply under any of the following circumstances:
....
(2) Where the arresting officer has probable cause to believe that the arrested person has committed any of the offenses enumerated in RCW 10.31.100(3), as now or hereafter amended....
RCW 46.64.015.
[4] This rule provides:

In determining whether to release the person or to hold him or her in custody, the peace officer shall consider the following factors:
(i) whether the person has identified himself or herself satisfactorily;
(ii) whether detention appears reasonably necessary to prevent imminent bodily harm to himself, herself, or another, or injury to property, or breach of the peace;
(iii) whether the person has ties to the community reasonably sufficient to assure his or her appearance or whether there is substantial likelihood that he or she will refuse to respond to the citation and notice; and
(iv) whether the person previously has failed to appear in response to a citation and notice issued pursuant to this rule or to other lawful process.
CrRLJ 2.1(b)(2).
[5] The Court of Appeals distinguished these cases because they involved prosecutorial discretion rather than police officer discretion and because the decisions of the elected prosecutors were binding on the entire office. Pulfrey, 120 Wash. App. at 278, 86 P.3d 790.
[6] Pulfrey, 120 Wash.App. at 281, 86 P.3d 790 ("We have not been asked to decide this case on constitutional grounds, and do not purport to do so.").
[7] State v. Gunwall, 106 Wash.2d 54, 720 P.2d 808 (1986).