[No. 23639-1-III.   Division Three.   February 28, 2006.]

THE STATE OF WASHINGTON, *Respondent,* v. CHAD MICHAEL MATERNE, *Appellant.*

*David N. Gasch*, for appellant.

*Steven J. Tucker*, *Prosecuting Attorney*, and *Kevin M. Korsmo*, *Deputy*, for respondent.

¶1 SCHULTHEIS, J. — Methamphetamine was found when Chad Michael Materne was searched incident to his arrest for driving while his license was suspended. On appeal of his conviction for drug possession, he contends the trial court erred in denying his motion to suppress because the statute upon which his arrest was based, third degree driving with license suspended (DWLS3d), was declared

unconstitutional in *City of Redmond v. Moore*, 151 Wn.2d 664, 91 P.3d 875 (2004). We conclude that because Mr. Materne has not identified the statute under which his license was suspended and the record does not reflect the information, his claim cannot be reviewed. Accordingly, we affirm.

## FACTS

¶2 The essential facts are not disputed. On May 17, 2003, Mr. Materne was stopped for a minor traffic infraction after turning south on Market Street from Francis Avenue in Spokane, Washington. The officer discovered Mr. Materne's driving privileges had been suspended in the third degree and arrested him for DWLS3d. In a search incident to the arrest, the officer found a baggie of white powder that tested positive for methamphetamine. Mr. Materne was charged with possession of a controlled substance.

¶3 The defense moved to suppress evidence. The trial court ruled that the evidence should be suppressed because the arrest was based on the DWLS3d statute that the Supreme Court held facially unconstitutional in *Moore*, 151 Wn.2d 664. The State moved to reconsider based on *State v. Gaddy*, 152 Wn.2d 64, 93 P.3d 872 (2004). The trial court reinstated the charges, ruling that under *Gaddy* police had a right to rely on information that Mr. Materne's license was suspended when he was arrested. Mr. Materne was found guilty of possession of methamphetamine on stipulated facts.

## DISCUSSION

■■ ¶4 Mr. Materne is entitled to relief under *Moore* only if his license was suspended pursuant to former RCW 46.20.289 (2002) and former RCW 46.20.324(1) (1965), the statutes declared unconstitutional in *Moore*. *State v. Pulfrey*, 154 Wn.2d 517, 529-30, 111 P.3d 1162 (2005). He has the burden of establishing that his license was suspended under a statute that was declared unconsti-

tutional. *Id.* In *Pulfrey*, the Washington Supreme Court refused to entertain the defendant's argument under *Moore* where the record did not indicate that his license was suspended under the unconstitutional statutes. *Id.* Here, the record is silent as to the means by which Mr. Materne's license was suspended or the grounds for the suspension. It cannot be determined, and Mr. Materne has not shown, whether the case upon which he relies is relevant. Therefore, Mr. Materne's claim cannot be reviewed.

¶5 The relevant portion of *Pulfrey* reads:

> Pulfrey believes *Moore* renders void his arrest for driving while license suspended in the third degree. However, this result does not necessarily follow from our holding in *Moore*.
>
> In *Moore*, we struck down only two sections of the broader driver's license chapter. Other sections were left untouched, and these sections provide a means for suspending a license. RCW 46.20.342(1)(c), the statute that defines driving while license suspended in the third degree, lists six different reasons for the suspension that render the offense a third degree violation, only one of which is now suspect because of *Moore*. Thus, for Pulfrey to benefit from our opinion in *Moore*, he must show that his license was suspended under the statutes declared unconstitutional.
>
> The record in this case does not indicate why Pulfrey's license was suspended. He has not shown that his license was suspended under the unconstitutional statutes and therefore is not entitled to relief. . . .
>
> . . . . We do not consider Pulfrey's *Moore* claim since he has not shown he is entitled to relief under that decision, and affirm.

*Pulfrey*, 154 Wn.2d at 529-30, *quoted in State v. Holmes*, 129 Wn. App. 24, 34, 117 P.3d 360 (2005), *review granted*, 156 Wn.2d 1001 (2006).

¶6 The Supreme Court in *Pulfrey* refused to consider the defendant's claim under *Moore* because he did not show he was entitled to relief under its holding. *Pulfrey*, 154 Wn.2d at 520, 530. However, in *Holmes*, the parties did not dispute

that the license was suspended under the provisions implicated in *Moore*. *Holmes*, 129 Wn. App. at 27 n.6. The *Holmes* court takes issue with what *Pulfrey* might be construed to imply—that if a defendant can "show that his license was suspended under the statutes declared unconstitutional," he could then "benefit from our opinion in *Moore*." *Pulfrey*, 154 Wn.2d at 529. *Pulfrey* remains instructive on the point that the court in *Holmes* did not address.

¶7 *Pulfrey* speaks to the relevance of the argument to the record before the court. This is a well recognized concept. Arguments must be supported by the record. *State v. Lough*, 70 Wn. App. 302, 335, 853 P.2d 920 (1993), *aff'd*, 125 Wn.2d 847, 889 P.2d 487 (1995); *State v. Peerson*, 62 Wn. App. 755, 777-78, 816 P.2d 43 (1991); RAP 10.3(a)(5). *Pulfrey* holds that appellate courts will not review an argument unless the appellant demonstrates that it applies to the facts of the case as proved by the record.

¶8 *Pulfrey* is dispositive in this case. Mr. Materne has not identified the statute under which his license was suspended and the record does not reflect the information. Therefore, we cannot review his contention.

¶9 We affirm.

BROWN, J., and THOMPSON, J. PRO TEM., concur.