## NOTICE:   SLIP OPINION
### (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
FEBRUARY 11, 2021

_González C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
FEBRUARY 11, 2021

_Susan L. Carlson_
SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Recall of | ) No. 98918-4 |
| | ) |
| | ) EN BANC |
| JOHN SNAZA, | ) |
| | ) Filed: February 11, 2021 |
| Thurston County Sheriff. | ) |
| _____ | ) |

MONTOYA-LEWIS, J.—Voters in Washington have a constitutional right to recall elected officials for cause before the officials have completed their term. WASH. CONST. art. I, §§ 33, 34. If a voter believes an official has committed an act of malfeasance or misfeasance or has violated their oath of office, the voter may file a petition seeking to recall that official. *Id*. § 33. If a court finds the charge factually and legally sufficient, it is submitted to the voters. In such recall petitions, the court serves as a gatekeeper to ensure that recall petitions have sufficient support in facts and law.

This case involves a recall petition against Thurston County Sheriff John Snaza. Petitioner Arthur West alleges that Snaza committed a recallable offense because he stated in a press release that he would not enforce an order issued by the

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Washington State secretary of health intended to combat the COVID-19 (coronavirus) pandemic. Snaza appeals the trial court's conclusion that the recall charge is factually and legally sufficient. We conclude that Snaza has discretion and his exercise of discretion—stating he would not criminally enforce the order—was not manifestly unreasonable. Therefore, the recall charge is neither factually nor legally sufficient, and we reverse the trial court.

## I. FACTS AND PROCEDURAL HISTORY

### A. Factual Background

We are currently in the throes of an ongoing public health crisis. The highly contagious COVID-19 has spread worldwide, creating a global pandemic and infecting and killing millions of people. On January 21, 2020, the first COVID-19 case in the United States was discovered in Washington, and on February 29, 2020, Governor Inslee declared a state of emergency. Proclamation by Governor Jay Inslee, No. 20-05, at 2 (Wash. Feb. 29, 2020), https://www.governor.wa.gov/sites/default/files/20-05%20Coronavirus%20%28final%29.pdf?utm_medium=email&utm_source=govdelivery [https://perma.cc/TAF6-QNGB]. COVID-19 is transmitted from person to person through respiratory droplets, and face coverings greatly reduce the risk of infection. *Scientific Brief: Community Use of Cloth Masks to Control the Spread of SARS-CoV-2*, Ctrs. for Disease Control & Prevention,

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

https://www.cdc.gov/coronavirus/2019-ncov/more/masking-science-sars-cov2.html

[https://perma.cc/BCT5-2HTE]. Therefore, in addition to social distancing and frequent handwashing, health officials recommend that people wear face coverings in public settings to help stop the spread of COVID-19. *Id.*

On June 24, 2020, the Washington State secretary of health issued Order 20-03, requiring that "[e]very person in Washington State must wear a face covering that covers their nose and mouth when in any indoor or outdoor public setting." Washington Sec'y of Health, Order No. 20-03, at 1 (Wash. June 24, 2020), http://mrsc.org/getmedia/d6167fa2-f2a3-427f-936b-f630098d859f/Secretary_of_Health_Order_20-03_Statewide_Face_Coverings.aspx (hereinafter Order) (boldface omitted). The Order further states that "[m]embers of the public are required by law to comply with this order, and violators may be subject to criminal penalties." *Id.* at 3. The Order references RCW 43.70.130(7), which delineates the secretary of health's legal authority to issue orders, and RCW 70.05.120(4), which states that any person who violates such an order is guilty of a misdemeanor. *Id.*

Snaza is the elected sheriff of Thurston County, and he has held that office since 2011. On June 24, 2020—the same day the secretary of health issued the Order—Snaza issued a public statement on behalf of the Thurston County Sheriff's Office regarding the mask mandate. News Release by Thurston County Sheriff John

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Snaza, No. 20-08 (Wash. June 24, 2020), https://www.co.thurston.wa.us/sheriff/docs/20-08%20Face%20Coverings.pdf [https://perma.cc./ZS6H-WZWZ] (hereinafter News Release). He recommended that "everyone continue exercising safe and precautionary measures as we work through this pandemic, including wearing masks around those in high-risk groups." *Id.* at 1. He also stated,

> Due to the minor nature of this offense, and the possibility for a negative outcome during an enforcement encounter and various ways in which the order may be violated, it would be inappropriate for deputies to criminally enforce this mandate. [Thurston County Sheriff's Office] deputies will not be doing so.

*Id.* Snaza announced that rather than criminally enforcing the mask mandate, officers "will continue to engage with people when appropriate, and educate them in partnership with our public health staff. Deputies will be trying to balance public safety with public health during these challenging times of COVID-19." *Id.*

Snaza further stated that in order to protect officers' safety and their ability to adequately respond to emergency situations, the decision of whether to wear a mask would be left to each officer's discretion based on the circumstances. *Id*. at 1-2. Snaza announced he would not require officers to wear a mask. *Id.* Still, he encouraged all officers to wear one and stated that his office would review complaints about officers not wearing masks. *Id.* He continued, stating, "We have never experienced this type of pandemic, so we are working with Thurston County

*In the Matter of the Recall of John Snaza*
No. 98918-4

Public Health to review and educate ourselves to make informed decisions by reviewing every situation when it needs to be addressed." *Id.* at 2.

B.     Procedural History

West is a legal voter in Thurston County. On July 2, 2020, he filed a statement of charges seeking Snaza's recall, and the prosecutor's office filed a petition and ballot synopsis with one charge, as required by law. West alleged that Snaza's News Release was a public refusal to enforce the Order and was a recallable offense because his statements interfered with a lawful order, impeded public health officials' efforts to protect the public during a global pandemic, and amounted to an unlawful act and a failure to perform a duty imposed by law.[1] In response, Snaza pointed to the word "may" in the Order to argue that criminal enforcement is a discretionary act. Therefore, Snaza argued, the charge is factually and legally insufficient because West did not allege that Snaza's actions were manifestly unreasonable.

At the hearing, the trial court found the recall charge factually and legally sufficient. The court found that the Order's language—"violators may be subject to criminal penalties"—referred to a prosecutor's ability to prove a case rather than to

---

[1] West's statement of charges and the ballot synopsis mischaracterized Snaza's statement as a blanket refusal to enforce the Order. However, Snaza's statement did not in fact reflect a categorical refusal to enforce the Order. Instead, he stated only that his office would not *criminally* enforce the Order.

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

an officer's discretion to enforce the law. The trial court concluded the mask mandate is clearly mandatory and RCW 70.05.120(4) mandates that a violation of an order from a health official is a misdemeanor. Therefore, it concluded that Snaza does not have any discretion and his News Release "runs counter to the mandate by the legislators and the clear mandate by Department of Health." Verbatim Report of Proceedings at 35. The trial court also stated that Snaza's News Release was "a classic violation of the oath to follow the law." *Id*. Therefore, the trial court found the charge factually and legally sufficient and approved the ballot synopsis to proceed to signature gathering.

Snaza appealed directly to this court, and we ordered accelerated review. We conclude that Snaza has discretion in deciding how to enforce the Order and that his public statement that he would not criminally enforce the Order was not manifestly unreasonable. Therefore, the charge is factually and legally insufficient, and we reverse.

## II. ANALYSIS

Washington voters have a constitutional right to recall an elected official who has "committed some act or acts of malfeasance or misfeasance while in office, or who has violated his oath of office." WASH. CONST. art. I, § 33; *see also* RCW 29A.56.110. For the purposes of recall:

*In the Matter of the Recall of John Snaza*
No. 98918-4

> (1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;
> (a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and
> (b) Additionally, "malfeasance" in office means the commission of an unlawful act;
> (2) "Violation of the oath of office" means the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law.

RCW 29A.56.110.

Courts do not assess the truth or falsity of a recall charge; the role of fact finder is for the voters. *In re Recall of West*, 155 Wn.2d 659, 662, 121 P.3d 1190 (2005). Rather, the court's role is to act as gatekeeper to ensure that officials are not subject to recall for "frivolous or unsubstantiated charges" by evaluating the factual and legal sufficiency of the charge. *Id.*; *see also* RCW 29A.56.140. The charge must be both factually and legally sufficient—if it fails one prong, it is insufficient. *See In re Recall of Kast*, 144 Wn.2d 807, 816-19, 31 P.3d 677 (2001) (dismissing a charge that was factually sufficient but legally insufficient). This court reviews the factual and legal sufficiency of a recall petition de novo. *In re Recall of Burnham*, 194 Wn.2d 68, 76, 448 P.3d 747 (2019).

The recall petition is factually sufficient if the alleged acts or failures to act establish a prima facie case of misfeasance, malfeasance, or a violation of the oath of office. *In re Recall of Wasson*, 149 Wn.2d 787, 791, 72 P.3d 170 (2003). The petition must also provide specific details, including the date, location, and nature of

7

the allegations. *Id.* Factual sufficiency also requires that the petitioner have some knowledge of the facts underlying the charge. *Id.*

The recall petition is legally sufficient if it "define[s] substantial conduct clearly amounting to misfeasance, malfeasance, or a violation of the oath of office." *Id.* "[L]awful discretionary acts are not a sufficient legal basis for a recall." *Id.* at 792 (citing *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984)). If the recall charge is based on a discretionary act, the charge is legally sufficient only if the elected official "exercised discretion in a 'manifestly unreasonable' manner." *Burnham*, 194 Wn.2d at 76 (quoting *Greco v. Parsons*, 105 Wn.2d 669, 672, 717 P.2d 1368 (1986)).

The recall petition here alleges that Snaza committed an act of malfeasance or misfeasance or a violation of his oath of office when he publicly refused to enforce the mask mandate. Snaza does not directly challenge the factual sufficiency of the charge. Rather, he argues the charge is insufficient because he has discretion to enforce the law in whatever manner he believes necessary given the nature of the circumstances. He further argues that his statement refusing to criminally enforce the Order was not manifestly unreasonable.

An official's discretion is relevant to making a prima facie showing of misfeasance, malfeasance, or a violation of oath of office. *See Kast*, 144 Wn.2d at 816-17 (charge is factually sufficient when the facts allege the official may have

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

exercised discretion in an unreasonable manner); *see also In re Recall of Wade*, 115 Wn.2d 544, 550, 799 P.2d 1179 (1990) (no prima facie showing where the facts do not demonstrate an official improperly exercised discretion). If an official has discretion, the recall petition must allege that they exercised their discretion in a manifestly unreasonable manner in order to be factually sufficient. Here, the petition alleges that Snaza failed to perform a duty and committed an unlawful act, but it does not allege that he unreasonably exercised discretion. However, Snaza *does* have discretion in how to enforce the law, and we hold that his exercise of that discretion was not manifestly unreasonable.

The sheriff is bound by their oath of office and the legislature to enforce the law. West argues Snaza's general statutory duties require him to arrest people, protect public peace and safety, execute orders, and keep the peace. RCW 36.28.010(1), (2), (3), (6). He also argues Snaza has a statutory duty to enforce orders issued by health officials and to "to make complaint of all violations of the criminal law." RCW 36.28.011; RCW 43.20.050(5). Further, he points out that Snaza is bound by his oath of office to uphold the law. Therefore, West argues, Snaza has a mandatory duty to criminally enforce the Order. However, this court has not found that there are mandatory duties unless such duties are required by the legislature. The nature of policing requires officers to make judgment calls; here, Snaza argues that how to enforce the mask mandate is one such judgment call. He argues that his

*In the Matter of the Recall of John Snaza*
No. 98918-4

News Release indicates the same by directing that officers will engage people to educate them in accordance with public health officials' guidelines, but officers will not criminally enforce the Order.

Law enforcement officers generally enjoy significant discretion in deciding how, when, and against whom to enforce the law.[2] *See Donaldson v. City of Seattle*, 65 Wn. App. 661, 670, 831 P.2d 1098 (1992) ("Generally, where an officer has legal grounds to make an arrest he has considerable discretion to do so."); *see also* RCW 46.64.015 (granting officers discretion to cite and release drivers for misdemeanor offenses). While officers have discretion to decide when to issue a citation or arrest someone for certain offenses, this court has been reluctant to rule on "whether officers *must* exercise discretion in every situation." *State v. Pulfrey*, 154 Wn.2d 517, 523-24, 527, 111 P.3d 1162 (2005). When the law does not impose a mandatory duty to criminally enforce the law, the officer has discretion to decide *how* to enforce the law. *See Donaldson*, 65 Wn. App. at 670 (comparing an officer's general discretion to criminally enforce the law with an officer's mandatory duty to arrest when responding to a domestic violence call under chapters 10.99 RCW and 10.31 RCW). That discretion is endemic to an officer's duties, even when, as in this case, such

---

[2] Indeed, this discretion explains, at least in significant part, patterns of disproportionate policing in communities of color. *See* Angela J. Davis, *Prosecution and Race: The Power and Privilege of Discretion*, 67 FORDHAM L. REV. 13, 25 (1998) ("No discussion of the . . . racial disparities in the criminal justice system would be complete, however, without a discussion of the discretionary decisions of police officers.").

*In the Matter of the Recall of John Snaza*
No. 98918-4

discretion has the potential to affect many—potentially negatively, given the COVID-19 epidemic.

Snaza argues the charge against him is factually and legally insufficient because the Order did not mandate criminal enforcement and he has discretion to decide how to enforce the Order. While it is correct that Snaza has a duty to enforce the Order, he is not required to *criminally* enforce it. The plain language of the Order gives law enforcement officers discretion—it states that violators *may* be subject to criminal penalties. Order at 3. "As a general rule . . . the word 'may' is permissive only and operates to confer discretion." *Spokane County ex rel. Sullivan v. Glover*, 2 Wn.2d 162, 169, 97 P.2d 628 (1940). Officers are under no mandatory duty, statutory or otherwise, to criminally enforce the Order. Therefore, Snaza had discretion. Such discretion is fundamental to his office.

Further, Snaza's exercise of discretion was not manifestly unreasonable. *See Burnham*, 194 Wn.2d at 76. Contrary to West's assertion, Snaza did not announce a blanket refusal to enforce the Order. Nor did he denounce the mask mandate and encourage people to violate the Order.[3] Rather, he declined only to *criminally*

---

[3] Compare this case with a recent recall case involving the Snohomish County sheriff, who announced that, as sheriff, he had "'no intention of carrying out enforcement for a stay-at-home directive.'" *In re Recall of Fortney*, No. 98683-5, slip op. at 6 (Wash. Jan. 14, 2021) https://www.courts.wa.gov/opinions/pdf/986835.pdf. Fortney also claimed the governor's stay at home order was unconstitutional, and he encouraged business owners to remain open, in violation of the order. *Id.* at 6-8. We affirmed the trial court's ruling that the charge was legally and factually sufficient. *Id.* at 6.

11

*In the Matter of the Recall of John Snaza*
No. 98918-4

enforce the Order. Law enforcement officers' duties are not solely criminal law enforcement. *See Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S. Ct. 2523, 37 L. Ed. 2d 706 (1973) (Law enforcement officers' "community caretaking functions [are] totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute."). In the News Release, Snaza affirmed that officers will safely engage with people when appropriate, presumably to ask them to wear a mask in compliance with the Order. He agreed that wearing a mask is a precautionary measure intended to protect public health and safety. He also declared the Thurston County Sheriff's Office would continue its commitment to partner with public health officials to educate the public.[4] Additionally, he explained his decision to not criminally enforce the Order upholds public safety. COVID-19 is transmitted through respiratory droplets when people are in close proximity, so Snaza's refusal to criminally enforce the Order is not manifestly unreasonable because an interaction between police and an unmasked person for the purposes of issuing a citation or arrest increases the risk of transmission. Therefore, Snaza's exercise of discretion was not manifestly unreasonable, and the charge is legally insufficient. *Burnham*, 194 Wn.2d at 76. For the same reasons, the petition does not make a prima facie

---

[4] In the News Release, Snaza also stated that Thurston County deputies are not required to wear masks. While this arguably conflicts with local health officials' efforts to combat the COVID-19 pandemic, it is a Thurston County Sheriff's Office internal department policy issue. It is not a recall issue, nor did West allege that this was a recallable offense.

12

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*In the Matter of the Recall of John Snaza*
No. 98918-4

showing of misfeasance, malfeasance, or a violation of oath of office, and it is also factually insufficient. *Wasson*, 149 Wn.2d at 791.

## III. CONCLUSION

As sheriff, Snaza has discretion to decide how to enforce the Order. His refusal to criminally enforce the Order was not manifestly unreasonable. Therefore, we reverse the trial court's ruling that the charge is factually and legally sufficient, and we remand with instructions to dismiss the recall petition.

_____
Montoya-Lewis, J.

WE CONCUR:

_____
González, C.J.

_____
Stephens, J.

_____
Johnson, J.

_____
Gordon McCloud, J.

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.

_____
Whitener, J.

13